# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| O.C., a minor, by and through his Parent, Sara Freed,  )<br>  )<br>Plaintiff,  )  CIVIL ACTION NO. _____<br>  )<br>  )<br>v.  )<br>  )<br>  )<br>The Parkland School District,  )<br>  **)**<br>Defendants.  ) | |

## COMPLAINT

AND NOW comes Sara Freed, Parent and Natural Guardian of O.C., above-captioned Plaintiff, by and through her counsel, Joshua S. Mazin, Esq., to file her Federal Complaint against the Parkland School District ("School District"), above-captioned Defendant, and in support thereof, avers as follows:

## INTRODUCTION

This suit is brought pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act, Section 1983 of the Civil Rights Act, 42 U.S.C. §1983, based on violations of the right to due process and equal protection guaranteed by the 14th Amendment to the United States Constitution, the School District's failure to protect when it maintained a special relationship to O.C., and the School District's failure to train employees. Additionally, this suit involves Pennsylvania state law claims

for intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and negligent supervision and hiring. Specifically, the School District's deliberate indifference to the multiple reports of bullying involving physical aggression wherein O.C. was the victim, led to an incident in which the elementary aged O.C. was threatened with a knife by another student. The School District's actions and, more specifically, inactions led directly and/or proximately to the bullying incident involving the knife and constitutes a pervasive pattern of unlawful, intentional discrimination violates federal statutory law, the United States Constitution, and Pennsylvania state law.

**PARTIES**

1. Sara Freed ("Parent"), the above-captioned Plaintiff, is the Parent and Natural Guardian of minor student, O.C.

2. O.C. ("Student" or "O.C."), a minor, is a 6th grade student, who presently attends Orefield Middle School, which is located at 2675 Route 309, Orefield, Pennsylvania, 18069.

3. Student enrolled in SES for his kindergarten year, as a SES is his neighborhood school based on his residence.

4. Student attended SES from kindergarten through 5th grade and matriculated to Orefield Middle School, with the School District, for his 6th grade year; the current school year (2024-2025).

5. SES is located at 4260 Sand Spring Road, Schnecksville, Pennsylvania, 18078.

6. SES is part of and operates under the control of the Parkland School District.

7. The Parkland School District is a public school district with an administrative office location of 1210 Springhouse Road, Allentown, Pennsylvania 18104.

8. As a public school district located within Pennsylvania, the School District receives federal funds.

## JURISDICTION AND VENUE

9. This action is brought pursuant to Title VI of the Civil Rights Act of 1964 as well as Section 504 of the Rehabilitation Act, Title II of the Americans with Disabiities Act, and Section 1983 of the Civil Rights Act to redress the deprivation under color of law of Plaintiff's rights as secured by both federal and state law.

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331, 1343(a)(3) and 1343(a)(4), in that it arises under federal statutes.

11. Venue is proper under 28 U.S.C. §1391(b) because Plaintiff and Defendants are located within Lehigh County, Pennsylvania, which is within the jurisdiction of this judicial district, and all the acts, events, or omissions that are the subject of this complaint occurred within the jurisdiction of this judicial district.

## FACTUAL ALLEGATIONS

12. Student is eligible for special education as a student with an Other Health Impairment related to Attention Deficit and Hyperactivity Disorder and a Speech and Language Impairment in accordance with Chapter 14 of the Pennsylvania State Standards and Regulations for Special Education, as well as federal law.

13. During Student's 4th grade year at SES, the 2022-2023 school year, Student was consistently and repeatedly targeted, bullied, harassed, and threatened by a particular student, mostly at recess.

14. More specifically, the bullying, harassment, targeting, and/or threats stared early in the 2022-2023 school year.

15. There were a number of such incidents that occurred at recess, among other times of the day, and those incidents were recorded by SES.

16. In response to those incidents, Student reported the behaviors of the other offending student to SES professional staff, and those reports were neglected, ignored, or not taken seriously by SES.

17. Despite those repeated reports, all involving the same particular student, SES failed to take any meaningful action to curtail the actions of the offending student, separate the offending student from Student, or safeguard Student from those actions.

18. Parent was informed of the incidents involving the offending student by SES staff.

19. Following the failure to take any reasonable and appropriate action by SES in response to the reports from Student, Parent initiated several conversations with the Principal of SES, seeking assistance and/or action to protect and/or safeguard Student from the bullying, harassment, targeting, and/or threats.

20. Despite the repeated reports from Parent, SES failed to take any meaningful action to curtail the actions of the offending student, separate the offending student from Student, or safeguard Student from those actions.

21. As a result, by the middle of the 2022-2023 school year, the bullying, harassment, targeting, and/or threats from the offending student increased in frequency, duration, and intensity against Student.

22. Parent continued to receive reports and/or phone calls from SES staff regarding incidents of the bullying, harassment, targeting, and/or threats by the offending student against Student.

23. In response to those reports and/or phone calls, Parent requested action by SES to protect her son and alleviate the actions of the offending student.

24. SES staff repeatedly assured her that actions were being taken to safeguard her son and address the actions of the offending student.

25. Despite those assurances, the incidents of the bullying, harassment, targeting, and/or threats continued into April 2023.

26. In February and March 2023, Student began acting out and received discipline for behavior incidents which were not initiated by him, nor within his control.

27. By March 2023, Student began demonstrating significant school phobia and/or school avoidance behaviors at home.

28. Parent reported these concerns to SES, and still no action was taken to address the bullying, harassment, targeting, and/or threats Student faced on an almost daily basis at this point in the school year.

29. Based on the ineffective or inaction of SES, the bullying, harassment, targeting, and/or threats of the offending Student escalated significantly in April 2023, despite repated notice by Parent to the SES Administration.

30. Despite the repeated history of incidents and the escalation thereof, SES failed to take any steps to alleviate the actions of the offending student, nor did they separate the offending student from Student.

31. On or about Thursday, April 20, 2023, the offending Student threatened to bring a knife to school and stab Student.

32. This new threat was overheard by a teacher at SES and reported to the Principal.

33. Despite the reporting of the specific threat, and the promise to take appropriate action, Student was in school on Friday, April 21, 2023.

34. On Friday, April 21, 2023, consistent with his threat, the offending student carried a knife to school with the specific intent to harm Student.

35. This incident was observed by SES staff and stopped before offending student could take any action to pursue his threat and stab Student.

36. Despite this very obvious serious threat and/or attempt to the safety of Student, and a report to the Pennsylvania State Police regarding the knife, SES did not inform Parent of this incident.

37. Subsequently, Parent saw multiple news reports and/or news articles online and in the newspaper recounting the incident, but still had not been informed of the incident by SES. See e.g., https://www.lehighvalleylive.com/news/2023/04/parkland-elementary-pupil-brings-knife-to-school-to-hurt-someone-cops-say.html; https://www.wfmz.com/news/area/lehighvalley/boy-9-had-knife-at-school-wanted-to-use-it-to-hurt-someone-police-say/article_e6d9c46e-e2a3-11ed-b5b7-4fd23fd40aee.html; https://dailyvoice.com/pa/reading/9-year-old-student-brought-knife-to-lehigh-school-to-hurt-someone-troopers/ (last visited October 10, 2024).

38. On Monday, April 24, 2023, SES staff finally sent Parent an email informing her of the incident.

39. As a result of this incident, Student demonstrated significant school phobia and/or school avoidance behaviors and has necessitated the treatment of mental health professionals.

## COUNT I
### Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d

40. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1 - 39 inclusive of this Complaint.

41. Title VI of the Civil Rights Act of 1964 states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. §2000d.

42. Upon information and belief, the School District is the recipient of federal funding through its participation in several federal programs.

43. Student, who possesses a disability, is a minority, and, therefore, a member of a protected class.

44. As set forth throughout this Complaint, Student suffered pervasive and ongoing the bullying, harassment, targeting, threats and an attempted stabbing at the hands of another student, despite the repeated, clear, and unambiguous knowledge by SES of the ongoing actions and/or behaviors of the offending student.

45. As a direct and proximate cause of the acts and omissions committed by the School District, Student has suffered substantial developmental losses, causing a decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

46. As a result of those actions, Parent is also entitled to her attorney fees and costs incurred in this matter pursuant to 29 U.S.C. §794a.

## COUNT II
### Violation of Section 1983 of the Civil Rights Act (Equal Protection Violation)

47. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1 – 46 inclusive of this Complaint.

48. Section 1983 of the Civil Rights Act states, as pertinent:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected,

7

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

49. The School District, acting under color of state law, intentionally discriminated against Student on the basis of his disability in a manner that violates the Equal Protection Clause of the 14th Amendment to the United States Constitution in that the SES professional staff treated Student differently than non-minority students with regard to participation in his constitutionally protected right to a free, appropriate, public education.

50. This disparate treatment, violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, constitutes a violation of Section 1983 of the Civil Rights Act.

51. As a direct and proximate cause of the acts and omissions committed by SES, which constitute a policy, practice, or custom (including, but not limited to, a failure to supervise and train its employees), and as alleged in this Complaint, Student has suffered substantial developmental losses, causing a permanent decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

52. As a result of those actions, Parent is also entitled to her attorney fees and costs incurred in this matter pursuant to 42 U.S.C. §1988.

## COUNT III
### Violation of Section 1983 of the Civil Rights Act (Failure to Train)

53. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1 - 52 inclusive of this Complaint.

54. Section 1983 of the Civil Rights Act states, as pertinent:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

55. The School District, acting under color of state law, failed to properly train its employees, including, but not limited to, School District personnel and SES professional staff, in their dealings with students and their families, including O.C.

56. The training policies of the School District were not adequate to prevent violations of law by its employees or to train their employees to interact with students.

57. The School District was deliberately indifferent to the substantial risk that their policies were inadequate to prevent violations of law by their employees.

58. The failure of the School District to prevent violations of law by its employees and to provide adequate training caused the deprivation of the plaintiff's rights by SES; that is, the Defendants' failure to prevent violations of law by their employees and to train their employees played a substantial part in bringing about or actually causing legally recognizable injuries to O.C.

59. This failure to train, which resulted in mistreatment and/or discrimination of Student, constitutes a violation of Section 1983 of the Civil Rights Act.

60. As a direct and proximate cause of the acts and omissions committed by the School District, which constitute a policy, practice, or custom, and as alleged in this Complaint, Student has suffered substantial developmental losses, causing a permanent decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

61. As a result of those actions, Parent is also entitled to her attorney fees and costs incurred in this matter pursuant to 42 U.S.C. §1988.

## COUNT IV
## Violation of Section 1983 of the Civil Rights Act (Violation of Due Process)

62. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1 – 61 inclusive of this Complaint.

63. Section 1983 of the Civil Rights Act states, as pertinent:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

64. The School District, acting under color of state law, failed to protect Student, a child with a disability in a manner that violates the Due Process Clause of the 14th Amendment to the United States Constitution in that the SES professional staff had notice of the bullying and harassment described throughout this Complaint and failed to proptect Student.

65. This failure to protect, violates the Due Process Clause of the 14th Amendment to the United States Constitution, constitutes a violation of Section 1983 of the Civil Rights Act.

66. As a direct and proximate cause of the acts and omissions committed by SES, which constitute a policy, practice, or custom (including, but not limited to, a failure to protect), and as alleged in this Complaint, Student has suffered substantial developmental losses, causing a permanent decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

67. As a result of those actions, Parent is also entitled to her attorney fees and costs incurred in this matter pursuant to 42 U.S.C. §1988.

## COUNT V

### Violation of Section 504 of the Rehabilitation Act

68. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1-67 inclusive of this Complaint.

69. Section 504 of the Rehabilitation Act, 29 U.S.C. §594, states, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ….

70. The School District is an entity that receives federal financial assistance.

71. Student is, and was at all times pertinent hereto, a qualified individual with a disability.

72. Student has disabilities, which substantially limit his major life activities.

73. The School District acted in bad faith, with gross misjudgment and deliberate indifference and have thereby intentionally discriminated against Student on the basis of her disabilities by denying him the benefits of the School District's programs in violation of Section 504 of the Rehabilitation Act.

74. As a direct and proximate cause of the acts and omissions committed by the School District, Student has suffered substantial developmental losses, causing a permanent decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

75. Parent is entitled to her attorney's fees and costs incurred in this matter pursuant to 29 U.S.C. §794a.

## COUNT VI

## Violation of Title II of the Americans with Disabilities Act ("Act")

76. Parent realleges and incorporates by reference as though fully set forth herein, paragraphs 1-75 inclusive of this Complaint.

77. Similar to Section 504 of the Rehabilitation Act, Section 202 of the ADA provides similarly that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

78. The School District is an entity that receives federal financial assistance.

79. Student is, and was at all times pertinent hereto, a qualified individual with a disability.

80. Student has disabilities, which substantially limit his major life activities.

81. The School District acted in bad faith, with gross misjudgment and deliberate indifference and have thereby intentionally discriminated against Student on the basis of her disabilities by denying him the benefits of the School District's programs in violation of Title II of the ADA.

82. As a direct and proximate cause of the acts and omissions committed by the School District, Student has suffered substantial developmental losses, causing a permanent decline in his future development, which has resulted in humiliation, both private and public, pain and suffering, and damage to his social development and interpersonal relations.

83. Parent is entitled to her attorney's fees and costs incurred in this matter pursuant to 29 U.S.C. §794a.

## COUNT VII

### Intentional Infliction of Emotional Distress

84. Parent realleges and incorporates by reference as though more fully set forth herein, paragraphs 1-83 inclusive of the Complaint.

85. The School District acted with the intention of humiliating O.C. and causing O.C. to become alienated from the school experience and/or school environment.

86. The School District intended that their actions would cause O.C. to suffer extreme emotional distress.

87. As a result of the School District's conduct, O.C. suffered mental anguish, nervous shock, embarrassment, and shame and humiliation that resulted in the necessity for treatment from mental health professionals.

## COUNT VIII

### Negligent Infliction of Emotional Distress

88. Parent realleges and incorporates by reference as though more fully set forth herein, paragraphs 1-87 inclusive of the Complaint.

89. In the alternative to Count V above, the School District acted negligently by humiliating O.C. and causing O.C. from the school experience and/or school environment.

90. Through their negligence, the School District caused O.C. to suffer extreme emotional distress.

91. As a result of the School District's conduct, O.C. suffered mental anguish, nervous shock, embarrassment, and shame and humiliation that resulted in the necessity for treatment from mental health professionals.

## COUNT IX

### Negligent Hiring & Supervision

92. Parent realleges and incorporates by reference as though more fully set forth herein, paragraphs 1-91 inclusive of the Complaint.

93. The School District failed to exercise ordinary care over SES professional staff to prevent intentional harm to O.C., by offending student, when they had clear and unequivocal knowledge of foreseeable actions and failed to take appropriate and reasonable actions to safeguard Student.

94. The School District possesses a clear and unambiguous special relationship and obligation to safeguard students placed within its care when they possess knowledge of threats or actions that can result in foreseeable harm.

95. The School District's actions and/or inactions in failing to appropriately and properly address the actions of the offending student, including, but not limited to the specific threat of a knife the day before the offending student actually brought a knife to school and attempted to stab Student resulted in foreseeable harm.

96. The School District failed to exercise ordinary care over SES professional staff to prevent intentional harm to O.C.

97. The acts and omissions set forth throughout this Complaint occurred on property owned and controlled by the School District.

98. The School District knew or had reason to know of the necessity and ability to take appropriate action to address the actions of offending student.

99. As a result of the School District's negligent conduct, O.C. suffered mental anguish, nervous shock, embarrassment, and shame and humiliation that resulted in the necessity for treatment from mental health professionals.

## COUNT X
### Negligence

100. Parent realleges and incorporates by reference as though more fully set forth herein, paragraphs 1-99 inclusive of the Complaint.

101. The School District failed to exercise ordinary to prevent intentional harm to O.C., by offending student, when they had clear and unequivocal knowledge of foreseeable actions and failed to take appropriate and reasonable actions to safeguard Student.

102. The School District possesses a clear and unambiguous special relationship and obligation to safeguard students placed within its care when they possess knowledge of threats or actions that can result in foreseeable harm.

103. The School District's actions and/or inactions in failing to appropriately and properly address the actions of the offending student, including, but not limited to the specific threat of a knife the day before the offending student actually brought a knife to school resulted in foreseeable harm.

104. The School District failed to exercise ordinary care with regard to O.C.'s safety to prevent intentional harm to O.C.

105. The acts and omissions set forth throughout this Complaint occurred on property owned and controlled by the School District.

106. The School District knew or had reason to know of the necessity and ability to take appropriate action to address the actions of offending student.

107. As a result of the School District's negligent conduct, O.C. suffered mental anguish, nervous shock, embarrassment, and shame and humiliation that resulted in the necessity for treatment from mental health professionals.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1. Declare that Parkland School District intentionally discriminated against Student based on his status as a disabled student under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

2. Declare that Declare that Parkland School District acted in violation of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983, by depriving Student of his rights to Due Process and Equal Protection under the 14th Amendment to the United States Constitution.

3. Declare that Declare that Parkland School District has acted in violation of Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. §1981, by intentionally discriminating against Student based on disability.

4. Award compensatory damages according to proof.

5. Award punitive damages.

6. Award all costs of suit, including attorney fees.

7. Award all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Repka Mazin LLC

Date: October 11, 2024

By: _____
Joshua S. Mazin, Esq.
Pa. ID. No. 87680
3735 Easton Nazareth Highway
Suite 204
Easton, Pennsylvania 18045
Phone: (610) 365-2670
Attorney for Plaintiff, Sara Freed

| | |
|---|---|
| The Parkland School District, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

## VERIFICATION

I, Sara Freed, verify that I am authorized to make this verification and that the statements made in the foregoing are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

By: _____
Sara Freed, Parent and Natural
Guardian of O.C.