IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| O.C., A MINOR, BY AND THROUGH HIS PARENT SARA FREED,<br><br>   *Plaintiff*,<br><br>   v.<br><br>THE PARKLAND SCHOOL DISTRICT,<br><br>   *Defendant*. | CIVIL ACTION<br>NO. 5:24-cv-05458-JLS |

**MEMORANDUM OPINION**

**SCHMEHL, J.** */s/ JLS*                                                                                       MAY 13, 2025

     This case arises from bullying at an elementary school that, according to the amended complaint, spiraled into one student bringing a knife to school to harm the plaintiff, O.C. Through his mother Sara Freed, O.C. now sues the Parkland School District under 42 U.S.C. § 2000d, § 1983, and Pennsylvania common law. Presently, the School District moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

I

     The alleged facts are as follows. In 2023, O.C. was a student at Schnecksville Elementary School ("SES") in the Parkland School District in Pennsylvania. During his fourth-grade school year, O.C. was repeatedly bullied by a classmate—conduct that included harassment and threats, most often occurring on the playground. The bullying ultimately culminated in April 2023, when a teacher overheard the bully threaten to "bring a knife to school and stab" O.C. Am. Compl. ¶¶ 31-32, ECF No. 4. Later the next day, SES staff eventually caught the bully carrying a knife somewhere in the school. Since then, O.C. claims to have "demonstrated significant school phobia

and/or school avoidance behaviors and has necessitated the treatment of mental health professionals." *Id.* ¶ 39.

Against that backdrop, the first amended complaint generally asserts that the School District—either intentionally or negligently—broke the law by not adequately responding to the bully's behavior. In advancing that theory, O.C. asserts one violation of 42 U.S.C. § 2000d, three violations of § 1983, a claim of intentional infliction of emotional distress, a claim of negligent infliction of emotional distress, a claim of negligent hiring and supervision, and a claim of negligence. The complaint seeks declaratory relief, compensatory and punitive damages, and the costs of suit.

II

To survive the School District's 12(b)(6) motion to dismiss, O.C.'s present complaint must contain sufficient factual matter that, taken as true, states a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the Third Circuit, district courts resolve such challenges by: (1) identifying the elements of each claim; (2) setting aside conclusory assertions; and (3) evaluating whether the remaining well-pleaded facts, taken as true, plausibly give rise to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016). The Court will analyze each count under that standard in turn.

III

A

Count I raises a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." O.C. avers

that he is among those whom the statute protects by virtue of his (1) attention-deficit/hyperactivity disorder and speech-language impairment, and (2) "minority" status. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss Pl.'s Compl. at 12, ECF No. 6-1. In response, the School District observes first that the text of § 2000d prohibits discrimination only "on the ground of race, color, or national origin," and is silent as to disability. Second, the School District contends that the complaint's bare assertion that O.C. "is a minority" is insufficient to plead discrimination on the basis of "race, color, or national origin." After carefully reviewing the first amended complaint, the Court agrees with the School District.

First, with respect to plaintiff's disability-discrimination theory, both the plaintiff's first amended complaint and his brief in opposition to the motion fail to grapple with the text of § 2000d, which clearly omits disability discrimination from its ambit. Tellingly, O.C. cites no controlling or persuasive authority extending § 2000d to disability-based claims. So, without more, the Court concludes that merely having a "disability" does not qualify for protected-class status under § 2000d—a conclusion consistent with several District Court decisions in this Circuit. *See, e.g., D.C. v. Pittsburgh Pub. Schs.*, 415 F. Supp. 3d 636, 653 n.4 (W.D. Pa. 2019); *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 561 (E.D. Pa. 2008), *aff'd*, 767 F.3d 247, 255, 264 n.28 (3d Cir. 2014) (dismissing cross-appeal on Title VI exhaustion as moot without deciding merits).

Second, on the minority-status point, the Court concludes that simply averring a "minority status"—without any factual amplification as to whether the minority status arises from race, color, or national origin—is insufficient to state a § 2000d claim. A person may be fairly considered a "minority" for a variety of reasons other than race, color, or national origin. More is needed. For these reasons, Count I is dismissed without prejudice.

B

Count II asserts a claim under 42 U.S.C. § 1983, alleging that the School District denied O.C. equal protection of the laws based solely on his disability. In response, the School District contends that Count II is legally insufficient insofar as Count II fails to identify how O.C. was treated differently from other similarly situated individuals. After carefully reviewing the first amended complaint, the Court agrees.

To successfully plead an Equal Protection claim under Section 1983, a plaintiff must allege both membership in a protected class and that the plaintiff "received different treatment than that received by other similarly-situated individuals." *Oliveira v. Township of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992)). Alternatively, a plaintiff may rely on the "class-of-one" doctrine to avoid the membership-in-a-protected-class requirement provided, however, that the complaint still plausibly alleges "(1) the defendant treated [the plaintiff] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Although both frameworks are analytically different, the two theories of liability share a common element: A plaintiff must always plead with particularity how the plaintiff was treated differently from those similarly situated. *See PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013); *Young v. New Sewickley Twp.*, 160 Fed. App'x. 263, 266 (3d Cir. 2005). Simply put, a comparison is needed—not merely a conclusory assertion of disparate treatment. Here, the first amended complaint offers only a threadbare recital that O.C. was treated "differently." O.C. provides no explanation as to how disparate treatment occurred. Indeed, the complaint does not identify a single student—disabled or otherwise—who received preferential treatment in

4

comparable circumstances. Therefore, because Count II offers nothing more than legal conclusions, Count II must be dismissed.

C

Count III asserts a claim for municipal liability against the School District under 42 U.S.C. § 1983 on a failure-to-train theory. The United States Court of Appeals for the Third Circuit has articulated the elements of a failure-to-train claim as follows: "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). In addition to these elements, a plaintiff asserting a municipal-liability claim based on a failure or inadequacy of training must also establish a causal nexus between the identified deficiency in training and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 391 (1989).

Here, plaintiff alleges, in general terms, that the School District "failed to properly train its employees," Am. Compl. ¶ 55, ECF No. 4, that its training policies were "not adequate to prevent violations of law," *id*. ¶ 56, and that this inadequacy caused the deprivation of O.C.'s "rights," *id*. ¶ 58. Such allegations are conclusory. O.C. fails to identify with any specificity which aspects of the District's training were deficient, exactly what difficult or recurring situations employees were unprepared to handle, or how the alleged failure to train caused any particular violation of O.C.'s constitutional rights. Most notably, the complaint does not even identify the underlying constitutional right that was, or was going to be, violated. Absent such factual amplification, plaintiff's failure-to-train claim cannot proceed. Accordingly, Count III fails to state a claim upon which relief may be granted and must be dismissed.

D

Count IV seeks to impose liability upon the School District pursuant to 42 U.S.C. § 1983, alleging that school officials violated O.C.'s right to substantive due process under the Fourteenth Amendment by failing to protect him from peer bullying and harassment. As the United States Supreme Court has long established that, "[a]s a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 197 (1989), O.C. relies on the "state-created danger" exception to advance his claim. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss Pl.'s Compl. at 20-21, ECF No. 6-1.

Under this exception, a state actor that "create[s] or enhance[s] a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process" may be found liable under Section 1983. *Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013) (en banc) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996)). To prevail under this theory, the United States Court of Appeals for the Third Circuit has articulated four elements that a plaintiff must establish:

(1) the harm ultimately caused was foreseeable and fairly direct;

(2) the state actor acted with a degree of culpability that shocks the conscience;

(3) there existed a relationship between the state and the plaintiff such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subject to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(4) the state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or rendered the plaintiff more vulnerable to danger than had the state not acted at all.

*Morrow*, 719 F.3d at 177 (citing *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006)).

Here, the Court concludes that the complaint fails to adequately allege the fourth element. O.C. never alleges any affirmative action by school administrators that made him more vulnerable

than he would have been had the administrators stood by and done nothing at all. Indeed, the Third Circuit, in analyzing a similar claim, rejected an attempt to extend liability to school officials under a state-created danger theory where the harm merely arises from peer-on-peer misconduct. *See id.* at 178-79. Courts within this Circuit have adhered to that principle in dismissing similar claims—even where school officials were alleged to have had prior knowledge of threats or violence. *See, e.g., MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 589 (W.D. Pa. 2019). Consequently, as plaintiff's allegations amount to no more than a failure to intervene in the face of known student misconduct, such inaction—however troubling—does not state a claim under the state-created danger doctrine. Accordingly, Count IV must be dismissed.

E

Finally, the remainder of the first amended complaint advances several claims arising under Pennsylvania state law. The School District contends that it is immune from such claims pursuant to the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541. Without addressing the merits of that defense, and because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over these state-law claims. *See* 28 U.S.C. § 1367(c)(3). The state-law claims will therefore be dismissed without prejudice.

IV

For the reasons set forth above, the School District's motion to dismiss is granted. Counts I through IV of the first amended complaint are dismissed without prejudice. Since no claim over which this Court has original jurisdiction remains, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and the state-law counts are dismissed without prejudice as well. An appropriate order follows.